**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| David Smith, | ) | No. CV 06-0790-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| United States of America; et. al., | ) | |
| Defendants. | ) | |

Pending before this Court are four motions to dismiss, one filed by each Defendant. The time to respond to each of these motions has passed and Plaintiff has not responded to any of the motions.

When this case was originally filed, each Defendant moved to dismiss. Plaintiff's counsel did not respond to those motions to dismiss. In an order dated September 11, 2006, Plaintiff's counsel was advised that this Court deemed the failure to respond to motions to dismiss to be a failure to prosecute the case, which would subject the case to automatic dismissal for failure to prosecute. The Court then, *sua sponte*, granted Plaintiff additional time to respond. Plaintiff did not timely respond, but instead sought an extension of time. Plaintiff ultimately responded to the motions and sought to amend the complaint. The Court allowed Plaintiff to amend the complaint, which resulted in the filing of the four motions to dismiss now pending.

1  The motions to dismiss were filed on the following dates: December 21, 2006, December 21, 2006, December 26, 2006, and January 5, 2007. Based on the Local Rules (Local Rule Civil 7.2(c), 12.1(b), 56.1(d)), the responses were due over a week ago and in some cases many weeks ago. Plaintiff's counsel has already been warned that a failure to respond to motions to dismiss would be deemed a failure to prosecute the case. *See* Doc. #40. The Court does not deem it to be the Court's responsibility to advise Plaintiff's counsel of the response dates and order him to respond each time a motion is filed. Accordingly, the Court finds Plaintiff has failed to prosecute the case (*see* Fed. R. Civ. Pro. 41(b)) and further deems the failure to respond to the motions to be consent to the motions being granted (*see* Local Rule Civil 7.2(i)).

The state of Arizona, state of California, and the United States all seek dismissal under Federal Rule of Civil Procedure 12(b)(1), lack of subject matter jurisdiction; and alternatively under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dismissal under Federal Rule of Civil Procedure 41(b) and 12(b)(6) are both with prejudice. Dismissal for lack of subject matter jurisdiction is without prejudice. Because the Court has multiple reasons for dismissal in this case, the Court wishes to make the record clear that the Court is granting the motions to dismiss under Rule 12(b)(1), denying the alternative relief under Rule 12(b)(6) as moot, and stating that although dismissal is also premised on Rule 41(b), this dismissal is without prejudice.

The County of Los Angeles has moved to dismiss under Rules 12(b)(2), 12(b)(3) and 12(b)(6). The Court grants the motion under Rule 12(b)(2) and denies alternative relief under Rule 12(b)(3) and 12(b)(6). Thus, as to the merits of the case, dismissal based on Rule 12(b)(2) is without prejudice; however, it is with prejudice that for purposes of this case, this Court does not have personal jurisdiction over the County of Los Angeles. Similar to the other motions, the Court finds that although dismissal is also premised on Rule 41(b), it is nonetheless dismissal without prejudice.

Based on the foregoing,

1    **IT IS ORDERED** that the State of California's Motion to Dismiss for Lack of
2    Jurisdiction (Doc. #68), the United States's Motion to Dismiss for Lack of Jurisdiction (Doc.
3    #70) and the State of Arizona's Motion to Dismiss for Lack of Jurisdiction (Doc. #72) are all
4    granted (all other relief requested in the motions is denied as moot);

5    **IT IS FURTHER ORDERED** that the County of Los Angeles's Motion to Dismiss
6    for Lack of Personal Jurisdiction (Doc. #77) is granted (all other relief requested in the
7    motion is denied as moot); and

8    **IT IS FURTHER ORDERED** and the Clerk of the Court shall enter judgment of
9    dismissal without prejudice as to all parties.

10   DATED this 13th day of February, 2007.

                                    _____
                                    James A. Teilborg
                                    United States District Judge